UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE (a pseudonym), individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON TECHNOLOGIES CORPORATION; PRATT & WHITNEY; BELCAN LLC; CYIENT, INC.; PARAMETRIC SOLUTIONS, INC.; AGILIS ENGINEERING INC.; MAHESH PATEL; STEVE HOUGHTALING; TOM EDWARDS; GARY PRUS and FRANK O'NIEL<br><br>Defendants. | Civil Case No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FILE COMPLAINT USING A PSEUDONYM JOHN DOE**

Plaintiff submits this Memorandum of Law seeking leave to proceed in this above captioned matter anonymously as John Doe. Plaintiff's identity, as described in the Complaint, should not be disclosed to the public—and particularly to the Defendants—due to the sensitive nature of the suit at hand. Plaintiff is a skilled worker who was previously employed by, and is currently seeking employment with, the companies that are alleged to have participated in the unlawful conspiracy at issue in this case. The Defendants in this action are powerful companies, and high-level executives, in the aerospace field that control a substantial portion of the aerospace labor market. As described in Plaintiffs' complaint, the field of aerospace engineers and similarly skilled workers is defined by high barriers to entry, high barriers to exit, and high

specialization. Plaintiff is justifiably concerned about the potential for retaliation and loss of future employment opportunities that could further inflict harm on his career.

## I. STATEMENT OF FACTS

John Doe alleges, individually and on behalf of all others similarly situated, that Defendants engaged in an illegal No-Poach Agreement in which they agreed not to hire nor solicit one another's employees, in violation of violations of Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 & 3.

Defendants include Raytheon Technologies Corporation, Pratt & Whitney, Belcan LLC, Cyient, Inc., Parametric Solutions, Inc., and Agilis Engineering Inc. These Defendants are all aerospace companies that hire aerospace engineers and are lead companies in the field of aerospace engineering. Plaintiff previously worked for co-conspirator QuEST Global as a design engineer and entered the workforce shortly after finishing his academic studies. As Plaintiff is currently unemployed after working as a Design Engineer at one of the co-conspirators, Plaintiff is justifiably concerned that if his name was made public, he would be further harmed in attempts to find work in his field. As the No-Poach Agreement was designed to restrict the ability of class members to be recruited or hired by co-conspirators after working at one, retaliation would afford the Plaintiff no relief upon publication of his identity.

## II. ARGUMENT

**A. Legal Standard**

Plaintiff acknowledges that there is a strong public policy in favor of public proceedings. However, courts including those in this Circuit, have permitted parties to proceed anonymously and under pseudonyms when the circumstances justify an exception to this general policy. "[W]hen determining whether a plaintiff may be allowed to maintain an action under a

pseudonym, the plaintiff's interest in anonymity must be balanced against both the public's interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has provided a list of non-exhaustive factors for use by district courts when determining if a Plaintiff can proceed anonymously:

> (1) Whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the …. party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (citations, internal quotation marks and brackets omitted).

Here, eight of the ten factors support the granting of this motion: (1) the litigation involves the loss of employment of the plaintiff and public disclosure of the plaintiff's identity would result in loss of future employ for the plaintiff, matters that are of a sensitive and personal nature; (2) identification of the plaintiff poses a risk of retaliatory mental harm to him and other innocent class members; (3) identification of the plaintiff would further exacerbate the very injury he is litigating against—loss of fair employment opportunities; (4) the suit is challenging the actions of a private party, not actions of the government that may impact and be of direct personal interest to many members of the public; (5) the Defendants are not prejudiced by allowing the Plaintiff to press his claims anonymously; (6) the Plaintiff's identity has thus far

been kept confidential; (7) the public's interest in the litigation is not furthered by identifying the specific individual who has been injured; it is the fact that the Plaintiff was injured that matters; and (8) there are no alternative mechanisms for protecting the confidentiality of the Plaintiff.

    The Plaintiff risks continued difficulty in finding employment due to his identity becoming public. The case hinges on No-Poach Agreements, which have imposed on Plaintiff and others similarly situated economic hardship including a loss of employment opportunities and suppressed wages. Defendants have already shown a propensity to engage in unlawful acts in order to suppress the wages and reduce the mobility of their employees. At least six individuals have been indicted to date for participating in the unlawful scheme to lower the compensation and reduce mobility of skilled aerospace engineers and similarly skilled workers. Plaintiff, if not allowed to proceed under a pseudonym, faces the same difficulty as a result of extrajudicial retaliation, i.e., reduced wages and reduced mobility, after litigation as before they entered the case.

    The Plaintiff is at increased risk due to his age and current stage of his career. Plaintiff has just recently entered into the workforce and is thus at risk of his entire career being impacted by retaliation from the Defendants as large aerospace firms. Plaintiff's career is just beginning and being unable to be hired by dominate aerospace firms due to retaliation would not only harm his career prospects but invalidate the training and education that has led him to be qualified for aerospace jobs. As described in Plaintiffs' complaint, the market for aerospace engineers and similarly skilled workers is defined by high barriers to entry, including high educational requirements and other qualifications. Plaintiffs is similarly situated and has invested significant time and effort to achieve the expertise to enter this skilled cohort of workers. Defendants are major job sources in the aerospace market and constitute a significant proportion of Plaintiff's

potential employers. In order for Plaintiff to receive redress, Plaintiff needs to be able to file under a pseudonym to protect his future career.

Defendants are not prejudiced by the Plaintiff's identity remaining anonymous. Defendants are being sued by Plaintiff on behalf of all employees subject to the No-Poach Agreement. His identity beyond that aspect is irrelevant to the existence of and harm of a No-Poach Agreement between Defendants. Further, the public has a weak interest, if any whatsoever, in Plaintiff's identity. The legal nature of the claims, specifically if there existed a No-Poach Agreement among Defendants, does not hinge upon the identity of the Plaintiff as an individual, nor will his identity provide any additional information to the public at large. Plaintiff recognizes that as this is a civil action, in the interest of fairness, "there may come a time at which Plaintiff[ ] should be called upon to publicly stand behind their claims." *Javier J. v. Farcia-Botello*, 211 F.R.D. 194, 196 (W..D.N.Y. 2002). Plaintiff should however, be permitted to maintain anonymity at present in order to secure employment in the specialized aerospace engineering labor market.

## CONCLUSION

For these reasons and such other reasons that may appear just to the Court, Plaintiff requests that his Motion to File Complaint Under a Pseudonym John Doe be granted.

Dated: January 7, 2022                 Respectfully Submitted,

AETON LAW PARTNERS LLP

By: */s/ Jonathan M. Shapiro*
    Jonathan M. Shapiro (SBN ct24075)
    AETON LAW PARTNERS LLP
    311 Centerpoint Drive
    Middletown, CT 06457
    Telephone: (860) 724-2160
    Email: jms@aetonlaw.com

    Joseph R. Saveri (SBN 130064)
    Steven N. Williams (SBN 175489)
    Anupama K. Reddy (SBN 324873)
    Christopher K.L. Young (SBN 318371)
    Abraham A. Maggard (SBN 339949)
    JOSEPH SAVERI LAW FIRM, LLP
    601 California Street, Suite 1000
    San Francisco, CA 94108
    Telephone: (415) 500-6800
    Facsimile: (415) 395-9940
    Email:    jsaveri@saverilawfirm.com
                swillliams@saverilawfirm.com
                areddy@saverilawfirm.com
                cyoung@saverilawfirm.com
                amaggard@saverilawfirm.com

    Steven N. Williams (SBN 2533826)
    JOSEPH SAVERI LAW FIRM LLP
    40 Worth Street, Suite 602
    New York, NY 10013
    Telephone: (646) 527-7310
    Facsimile: (212) 202-7678
    Email: swilliams@saverilawfirm.com

    *Counsel for Plaintiff and the Proposed Class*